UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONNOR BECKWITH** <br> 136 Bellevue Avenue <br> Upper Mt. Clair, NJ 07043 <br><br> Plaintiff <br><br> v. <br><br> **INTERSTATE HOTELS AND RESORTS, INC.** <br> 4501 Fairfax Drive <br> Suite 500 <br> Arlington, VA 22203 <br>     Serve on: <br>     CT Corporation System <br>     4701 Cox Road, Suite 285 <br>     Glen Allen, VA 23060 <br><br>         and <br><br> **CREA HAMILTON CROWNE PLAZA TRS, LLC** <br> One Financial Plaza <br> Hartford, CT 06103 <br> Serve on: <br>     Corporation Service Company <br>     1090 Vermont Ave., NW <br>     Washington, D.C. 20005 <br><br>         and <br><br> **CORNERSTONE REAL ESTATE ADVISORS, LLC**. <br> One Financial Plaza <br> Hartford, CT 06103 <br> Serve on: <br>     Corporation Service Company <br>     50 Western Street <br>     Hartford, Ct 06120 <br><br>     Defendants <br> _____ | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **Civil Action No.:** |

1

# COMPLAINT
# JURY TRIAL DEMANDED

COMES NOW, Plaintiff Connor Beckwith by and through his undersigned attorney, and as and for his Complaint for personal injury against Defendants Interstate Hotels and Resorts, Inc., CREA Hamilton Crowne Plaza TRS, LLC. and Cornerstone Real Estate Advisors, LLC ., alleges and avers as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. Section 1332, diversity of citizenship and the amount in controversy is over $75,000.00.

2. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. Section 1391(b), as the events giving rise to this action occurred within this district.

## PARTIES

3. Plaintiff Connor Beckwith is an adult citizen of New Jersey. However he was a minor at the time that alleged negligent conduct occurred. At all times relevant, Plaintiff was a guest of the Hamilton Crowne Plaza Hotel (hereinafter "Hotel") which is located at 1001 14th Street, NW, Washington, DC 20005. His date of birth is February 27, 1993. Hence this filing is within the applicable District of Columbia three year statute of limitations relating to torts committed on minors.

4. Defendant Interstate Hotels and Resorts, Inc.is headquartered in Arlington, Virginia and represents on its website to be the manager/operator (or owner) of the Hamilton Crowne Plaza, the site where Plaintiff was sexually accosted and molested by Antonio Lopez on or about June 28, 2009.

5. Defendant CREA Hamilton Crowne Plaza TRS, LLC is a Delaware corporation and, (as represented by the InterContinental Hotels Group) the owner/operator/manager of the Hamilton Crowne Plaza under a license agreement between this Defendant and Holiday Hospitality Franchising, LLC.

6. Defendant Cornerstone Real Estate Advisors, LLC, ("Cornerstone") is a Delaware corporation (and presumably a holding company) that invests in real estate and hotels, claiming on its website that the Hamilton Crowne Plaza Hotel is part of its

portfolio of hotels. Upon information and belief, CREA Hamilton Crowne Plaza TRS, LLC was created by Cornerstone to own and/or operate the Hamilton Crowne Plaza.

## STATEMENT OF FACTS

.

7. Plaintiff was sixteen years old when he accompanied his parents and two sisters from Upper Mt. Clair, New Jersey for a family weekend in the District of Columbia in late June, 2009. Plaintiff and his family were staying at the Hamilton Crowne Plaza.

8. During that weekend visit, the Beckwith family was ready to leave the hotel lobby after attending church for an enjoyable day of sightseeing when Plaintiff indicated that he needed to use the rest room. The primary public restrooms in the Hamilton Crown Plaza are located one floor below the lobby level. There is a long winding stair case that must be traversed to access the lower level and it is physically impossible to watch someone (in this case the Beckwith's child) when that person reaches the lower level. Furthermore, the restrooms are at least 75 feet from the base of the stairway.

9. As the Plaintiff approached the men's room, an individual later identified as Anthony joseph Lopez, Sr., ("Lopez") approached Plaintiff and grabbed his genitals. Shocked and scared, Plaintiff retreated into the men's room but Lopez followed, pounded on the stall in which Plaintiff barricaded himself and then left.

10. Dazed by Lopez's attack, Plaintiff ran up the stairs to find his parents to tell them what had happened. His father Brian Beckwith immediately proceeded to the front desk to report the attack. In turn the DC Metropolitan Police were called by hotel staff.

11. Sometime within the next hour the security department reviewed the surveillance tape that recorded activity of the downstairs area near the bathrooms. After reviewing the tape with the Beckwiths, Lopez was spotted in the hotel restaurant and subsequently identified by Plaintiff.

12. Lopez was arrested, eventually criminally charged and on January 24, 2011, convicted of sex abuse of a minor and unlawful touching.

13. It was bad enough that Plaintiff's vacation was ruined by Lopez's atrocities and his life was turned upside down but he spent the entire day after the attack being interviewed by the DC police.

14. Subsequently, Plaintiff has undergone counseling and to this day does not trust anybody when he goes into a public restroom and generally has social anxiety problems and will need substantial counseling in the future.

15. Defendants, as the owners and/or operators of the Hamilton Crowne Plaza where the Plaintiff was a guest with his family owed Plaintiff a duty to provide adequate security to insure that pedophiles like Lopez did not accost or attack hotel guests.

16  Plaintiff's preliminary investigation reveals that statistics for the area adjacent to the hotel show that a substantial number of sex offenders live near the hotel.

17. The Hotel 's public restrooms are isolated at a level below the main lobby, are a long distance from the top of the steps, cannot be seen from the top of the steps and at the time of the attack in June, 2009, did not have any security personnel patrolling that area.

18. Even if the security cameras were functional at the time of the attack (as they apparently were) there could not have been live monitoring of the television screens because the Beckwiths had to go to the front desk to report the attack. It was only after the report did hotel security start reviewing the tape to see if they could identify the perpetrator. Clearly, this is a breach of Defendants' duty to provide a safe environment for hotel guests.

19. Furthermore, Plaintiff's preliminary investigation has revealed that in the 2007, 2008 and 2009 time frame, the area proximate to the Hotel, especially including the park across the street and located between 13th Street, NW and 14th Street, NW was the gathering place of sexual offenders and other heightened criminal activity.
.

## COUNT 1-NEGLIGENCE

20. Plaintiff realleges the allegations contained in Paragraphs 1-19 of this Complaint with the same effect as if fully set forth herein.

21. At all relevant times, Defendants, through their agents, servants and/or employees had a duty to maintain the premises of the Hamilton Crowne Plaza Hotel including the sidewalks, parking lots, entrance, exits, and common areas such as the lobby and the lobby restrooms to said premises in such a manner to provide a safe environment for its guests.

22. Defendants, by and through their agents, servants and/or employees, breached said duty to secure the common areas such as the lobby and the lobby restrooms and/or failed to properly secure these areas, allowing and/or causing these areas to become criminally hazardous to guests so as to render them unsafe to be frequented.

More specifically, the Defendants breached their duty in the following ways, including but not limited to:

a. Failing to provide adequate security and/or impose sufficient security measures in the aforementioned sub-lobby restrooms especially in light of the fact that the restrooms are isolated and a substantial distance from the main stairs.

b. Failing to provide adequate security and/or impose sufficient security measures in the aforementioned sub-lobby and adjacent restrooms especially in light of the fact that the neighborhood proximate to the hotel in the 2007, 2008 and 2009 years was of a high crime rate (including sex offenders).

c. Failing to have full time, constant monitoring of the television monitors connected to the cameras trained on the lower lobby including the isolated restrooms.

d. Failing to identify persons potentially suspicious such as Lopez lurking around the lower level restrooms for an extended period of time by either not having regular security patrols in the lower level or not having someone constantly monitoring the television monitors connected to the lower level security cameras.

e. Failed to provide security in accordance with custom and practice in the industry including the inability to understand and anticipate the level of crime within a several mile radius of the hotel and the number of registered sex offenders living in the vicinity in June 2009.

    f.   Failed to timely respond to the assault on Plaintiff by Lopez. In fact, it appears that Hotel security was not even aware of the attack until after the Beckwith family reported the attack to the front desk.

    g.   Was otherwise careless and negligent in the operation of its premises

23.    As a direct and proximate result of one of more of the foregoing negligent acts or omissions of the Defendants, the Plaintiff was physically and sexually assaulted by Anthony Lopez, sustained severe and permanent injuries; both physically and emotionally, and was and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will continue to lose value of that time in the future.

24.    As a direct and proximate cause of the aforesaid careless and negligent acts, the Plaintiff, then and there suffered great pain and anguish, both in mind and body and will in the future continue to suffer. The Plaintiff further will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiff requests that judgment be entered severally and jointly against all the Defendants s follows

A. Compensatory damages, including general and special damages, according to proof in an amount of $750,000.00 (Seven Hundred-Fifty Thousand Dollars);

B. Award Plaintiffs costs of this action,

C. Such other further relief that this Honorable Court finds fair and just.

Dated: February 13, 2014        Respectfully Submitted,

                  _____/s/_____

                  Sheldon N. Jacobs, Bar No. MD 06871
                  Law Office of Sheldon N. Jacobs
                  11 Rainbow Court

Owings Mills, Maryland 21117
(410) 654-6455
(206) 376-0264 (fax)
Sjacobs@snjlaw.com

Attorney for Plaintiff